# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 3:12-cr-116

                                        District Judge Thomas M. Rose
  -  vs  -                            Magistrate Judge Michael R. Merz

JAMEEL TABOR,

                Defendant.     :

## REPORT AND RECOMMENDATIONS

      This criminal case is before the Court on Defendant's Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 374). The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

      Under 28 U.S.C. § 2255(f), a one-year statute of limitations applies to § 2255 motions. In the absence of exceptions not applicable here, the time runs from the date on which a

1

conviction becomes final. In this case, as Mr. Tabor notes, he was sentenced on August 14, 2013, and the Judgment Entry of conviction was entered the next day (ECF No. 255). Mr. Tabor did not appeal, so his conviction became final on the last day he could have appealed, August 29, 2013. The statute of limitations therefore expired one year later on August 20, 2014. Mr. Tabor did not file the instant § 2255 Motion until November 14, 2016, more than two years later.

**Conclusion**

Because this § 2255 Motion is barred by the statute of limitations, it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 16, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).